MELANIE A. HILL, ESQ.
Nevada Bar No. 8796
**MELANIE HILL LAW PLLC**
520 S. 7th Street, Suite A
Las Vegas, NV 89101
Tel:   (702) 362-8500
Fax:   (702) 362-8505
Email: Melanie@MelanieHillLaw.com
*Attorney for Plaintiff Jane Doe*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

\*\*\*\*\*

| | |
|---|---|
| JANE DOE, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>NEVADAPURE, LLC, a Nevada limited liability company doing business under the fictitious firm name of SHANGO LAS VEGAS,<br><br>        Defendant. | Case No. 2:19-cv-01664-JCM-VCF<br><br>**JOINT STIPULATION AND ORDER TO STAY PROCEEDINGS FOR AN ADDITIONAL SIXTY DAYS**<br><br>**(Second Request)** |

Plaintiff Jane Doe ("Plaintiff"), by and through her counsel, Melanie Hill Law PLLC, and Defendant NevadaPure, LLC dba Shango Las Vegas ("Defendant"), by and through its counsel, Kamer Zucker Abbott, stipulate and request that the Court stay these proceedings for an additional sixty (60) days, through and including August 3, 2020, in light of orders and recommendations from the Governor of Nevada to limit in-person interactions, maintain proper social distancing, and wear masks in public as non-essential business begin to resume operations during phase two of the current pandemic. In support of this Stipulation, the parties state as follows:

1. The parties entered into a Stipulation and the Court entered an Order staying this case and all related deadlines for sixty (60) days on April 13, 2020 [ECF No. 23].

2. The Stipulation and Order were entered into due to the COVID-19 pandemic taking place all over the world and to abide by the stay at home orders and social distancing guidelines in place at the time of the stipulation.

3. In the Stipulation and Order, the parties agreed to confer about requesting an extension of the stay and file an appropriate motion to extend the stay if the pandemic had not been sufficiently suppressed. The parties have conferred and do believe an additional Stay of sixty days would be beneficial prior to setting discovery deadlines in this case and would allow the parties time to further reengage in informal settlement negotiations. While shut-down requirements in Nevada have eased, the pandemic is still a threat to the parties and their respective counsel's health and safety in light of orders and recommendations from the Governor of Nevada to limit in-person interactions, maintain proper social distancing, and wear masks in public as non-essential business begin to resume operations during phase two of the current pandemic.

4. As part of the Order staying this case, the parties' deadline to submit their Discovery Plan and Scheduling Order ("DPSO") was stayed for sixty-seven (67) days and the opposition deadlines relative to the pending motions were stayed and reset to July 1, 2020.

5. The parties previously agreed that in the event the pandemic had been sufficiently suppressed by June 1, 2020, the parties agreed to file their DPSO within seven (7) days of the lifting of the stay setting the discovery deadlines in this case.

/ / /

/ / /

6.      The parties further agreed that in the event the pandemic had been sufficiently suppressed by June 1, 2020, the parties agreed that Plaintiff's Opposition deadlines be continued thirty (30) days from the date the stay is lifted to July 1, 2020.

7.      The parties also entered into a Stipulation and the Court entered an Order staying the early neutral evaluation conference in this case on April 23, 2020 [ECF No. 26] to accommodate the COVID-19 pandemic, related case Stay, and the parties request to allow them time to engage in further informal settlement discussions.

8.      In an effort to set realistic discovery deadlines due to the current pandemic, stay at home order, closures of nonessential businesses, phased reopening of nonessential businesses, and strict social distancing guidelines, and to conserve the parties' and the court's limited time and resources due to the COVID-19 pandemic, the parties sought and the Court ordered a Stay of all proceedings for sixty (60) days.

9.      As stated in the prior stipulation, the parties intend to engage in written discovery and depositions which are impacted by the closure of third-party businesses, strict social distancing guidelines, recommendations to wear masks in public, and the Defendant's reduced operations.

10.     The parties plan to conduct at least two depositions, which would require in-person interactions that should still be avoided at this time due to the COVID-19 pandemic and the declaration of a national emergency and Nevada state of emergency to protect the health and safety of the parties and their respective counsel. Even video conferencing depositions would require at least a videographer in the same room as both the deposing attorney and the witness being deposed and the parties prefer in person depositions to allow for them to confer with their clients, if necessary, throughout the depositions.

11.     Further, at least some of the witnesses may be subject to state school and business closures and are expected to stay home at this time and/or are impacted by the closures of schools, summer camps, and childcare providers.

12.     Pursuant to their stipulation for the prior Stay, the parties have met and conferred and do believe an additional Stay of sixty (60) days is necessary so that social distancing can continue to be maintained, for the protection of the parties and their respective counsel's health and safety, and to ensure that the parties can set realistic discovery deadlines when they prepare and file their DPSO.  The parties also desire to participate in an in person early neutral evaluation conference with social distancing that is not possible or safe at this time until more information becomes known regarding the continued reopening of businesses or tightening of restrictions on reopening due to a possible resurgence of the COVID-19 pandemic that has been conveyed by the governor to the citizens on Nevada in his Roadmap to Recovery in Nevada if there is a surge in COVID-19 cases in Nevada.[1]

13.     While the shut-down requirements in Nevada have eased, the pandemic is still a threat and in person meetings and depositions are still discouraged to allow for proper social distancing at this time.  Further, social distancing with face masks is the preferred form of interaction at this phase of the pandemic, which may interfere with the taking of depositions and participation in the early neutral evaluation conference.  Further, Plaintiff's counsel is considered at higher risk and is taking continued precautions as restrictions are eased.

14.     In the event the pandemic has been sufficiently suppressed by August 3, 2020, and social distancing is eased to allow for an in person early neutral evaluation conference and

---

[1]  *See generally* Roadmap to Recovery in Nevada available at https://nvhealthresponse.nv.gov/wp-content/uploads/2020/05/Roadmap-to-Recovery-Phase-One-Initial-Guidance.pdf and Release on Phase 2 Reopening available at https://nvhealthresponse.nv.gov/wp-content/uploads/2020/05/5.26-post-presser-release.pdf.

in person depositions to be conducted in a safe manner, the parties agree to submit their DPSO within seven (7) days of the lifting of the stay of setting forth requested discovery deadlines on or before August 10, 2020.

15. In the event the pandemic has been sufficiently suppressed by August 3, 2020, the parties agree that Plaintiff's opposition deadlines be continued thirty (30) days from the date the stay is lifted to September 2, 2020.

16. In the event the pandemic has been sufficiently suppressed by August 3, 2020 and social distancing is eased to allow for an in person early neutral evaluation conference, the parties agree to submit a joint request within seven (7) days of the lifting of the Stay, for the early neutral evaluation conference be reset on or before August 10, 2020.

17. In the event the pandemic has not been sufficiently suppressed by August 3, 2020, the parties will further confer about requesting an extension of the stay and file an appropriate motion on or before August 10, 2020.

18. This request for an additional sixty (60) day Stay of proceedings is not sought for any improper purpose or other reason of delay. Rather, it is sought only to conserve the parties' and court's respective resources and efficiently yet responsibly set discovery deadlines.

WHEREFORE, the parties respectfully request that the Court stay the proceedings in this case for the next sixty (60) days, through and including August 3, 2020. In the event the pandemic has been sufficiently suppressed by August 3, 2020, the parties shall submit their Joint DPSO and joint request for the early neutral evaluation conference be reset by August 10,

/ / /

/ / /

/ / /

2020.  In the event the pandemic has not been sufficiently suppressed by August 3, 2020, the parties will further confer about requesting an extension of the Stay and file an appropriate motion on or before August 10, 2020.

DATED this 4th day of June, 2020.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| MELANIE HILL LAW PLLC | KAMER ZUCKER ABBOTT |
| /s/ Melanie Hill | /s/ Jen Sarafina |
| Melanie A. Hill, Esq. (NV Bar No. 8796)<br>520 S. 7th Street, Suite A<br>Las Vegas, NV 89101<br>Tel.: (702) 362-8500<br>Fax: (702) 362-8505<br>Melanie@MelanieHillLaw.com<br>*Attorneys for Plaintiff Jane Doe* | Jen J. Sarafina, Esq. (NV Bar No. 9679)<br>Nicole A. Martin, Esq. (NV Bar No. 13423)<br>3000 West Charleston Boulevard, Suite 3<br>Las Vegas, NV 89102<br>Tel: (702) 259-8640<br>Fax: (702) 259-8646<br>*Attorneys for Defendant NevadaPURE, LLC* |

IT IS SO ORDERED.

Dated June 5, 2020.

_____
UNITED STATES DISTRICT COURT JUDGE